# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| ANGELA PEMBERTON, | * |
| Plaintiff, | * |
| v. | * |
| | * No. 1:18cv00041-BRW-JJV |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| Defendant. | * |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Angela Pemberton, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded Ms. Pemberton had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 11-20.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to

analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Pemberton is young – only thirty-eight years old at the time of the administrative hearing. (Tr. 44.) She testified she is a high school graduate and earned her "LPN degree and then on to get [her] RN degree." (*Id.*) She has past work experience as a "LPN, RN, and scrub tech, surgery tech." (Tr. 59.)

The ALJ[1] found Ms. Pemberton has not engaged in any substantial gainful activity since

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

February 17, 2015, the alleged onset date. (Tr. 13.) She has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The ALJ determined Ms. Pemberton has the residual functional capacity ("RFC") to perform a reduced range of sedentary work. (Tr. 14.) Based on this RFC, the ALJ determined Ms. Pemberton can no longer perform her past work. (Tr. 19.) He, therefore, utilized the services of a vocational expert to determine if jobs existed that Ms. Pemberton can perform despite her impairments. (Tr. 59-62.) Based on the vocational expert's testimony, the ALJ determined Ms. Pemberton can perform the jobs of document preparer and telephone quote clerk. (Tr. 20.) Accordingly, the ALJ determined Ms. Pemberton is not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Ms. Pemberton's request for a review of the ALJ's decision. (Tr. 1-3.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.) In support of her Complaint, Ms. Pemberton argues the Commissioner's decision is not supported by substantial evidence on the record as a whole. (Doc. No. 10 at 16-28.)

Ms. Pemberton clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical records, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence on the record as a whole.

Ms. Pemberton argues the ALJ incorrectly determined her RFC. (Doc. No. 10 at 19-22.) Specifically, Ms. Pemberton says the ALJ's finding that she can engage in frequent grasping, handling, and fingering is flawed. (*Id.*)

I find this argument to be somewhat persuasive. Nevertheless, I find the ALJ's decision is

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

supported by substantial evidence.

Plaintiff's own testimony fails to support her position on this point. When asked, "What was keeping you from working back then in 2015," Ms. Pemberton replied, "My ankle. It hurts just walking on it. I can only really walk for very short distances. . . My back - - it'll give me a lot of trouble after walking, standing, lifting, stooping. All of that gives me a lot of trouble." (Tr. 46.) When asked, "What other problems have you battled through to continue working the years that you did," Ms. Pemberton answered, "I have migraines." (Tr. 50.) Only later, when her attorney specifically asked about surgery on her elbow did Ms. Pemberton identify her cubital tunnel syndrome. (Tr. 53.) Ms. Pemberton explained that regularly lifting too much would aggravate her elbow and "would put [her] down the entire next day." (Tr. 55.) Her attorney asked her, "Where would you have felt pain or problems," and Ms. Pemberton responded, "My back. Well, my ankle, too." (*Id.*) When prompted to precisely explain the problems with her elbow, Ms. Pemberton said, "Back then I was having a problem with the numbness in my hand but I could still use it." (*Id.*) And "since the surgery in more recent months," Ms. Pemberton testified, "I'm stilling having the numbness. It's not as bad. The numbness isn't. But I do still have - - he said I have neuropathy. I just, I waited too long to have the surgery." (Tr. 56.)

I also agree with the Commissioner's assessment of the medical records. (Doc. No. 11 at 5-7.) But it is irrelevant whether it was Gayla Brown, LPN, or James D. Allen, M.D., who stated Ms. Pemberton was "not considered employable." (Tr. 698.) The ALJ correctly assessed that the records from Dr. Allen showed "mild pain with good healing." (Tr. 18.) Ms. Pemberton was still healing from her surgery and there was simply no indication she would be permanently limited to render her disabled by her cubital tunnel syndrome.

Plaintiff also argues the ALJ incorrectly evaluated her subjective complaints. (Doc. No.

4

10 at 22-26.) The residual functional capacity assessment is largely based on an ALJ's assessment of a claimant's subjective symptoms. Understandably, Plaintiff argues this assessment was flawed.

The ALJ considered Ms. Pemberton's subjective complaints in light of Social Security Ruling 96-8p. (Tr. 14-19.) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Pemberton clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Ms. Pemberton has serious health concerns, the treatment records support the ALJ's conclusion that she can perform work related activities at the sedentary exertional level.

Plaintiff has advanced other arguments which I find are without merit. Ms. Pemberton's counsel has done an admirable job of advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is substantial evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

Dated this 4th day of December, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE